UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY K. MUSZYNSKI,

    Plaintiff,

v.                                                      Case. No. 10-13590
                                                      Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 19, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff filed this action seeking Social Security disability benefits and supplemental security income benefits. This matter currently comes before the Court on Magistrate Judge Binder's Report and Recommendation [dkt 14], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 12] be denied and Defendant's Motion for Summary Judgment [dkt 13] be granted. Plaintiff has filed objections to the Magistrate's Report and Recommendation [dkt 15], to which Defendant has not responded. The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, and Plaintiff's objections. For the reasons discussed below, the Court adopts Magistrate Judge Binder's Report and Recommendation. Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED. The Court will, however, briefly address Plaintiff's

objections.

## **II. PLAINTIFF'S OBJECTIONS**

The facts of this case are adequately recited in the Report and Recommendation and need not be revisited here. In objecting to the Report and Recommendation, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff failed to meet her burden to justify a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). Plaintiff specifically requests such a remand so that the Administrative Law Judge ("ALJ") may review additional medical records for the period after July 2007, through November 4, 2009, which were not previously before the ALJ due to an alleged clerical error on behalf of the medical record clerk at the medical facility Plaintiff sought treatment.

42 U.S.C. § 405(g) states the standards that must be met before the Court may order a sixth sentence remand for the taking of additional evidence. In particular, it must be shown that (i) the evidence at issue is both "new" and "material," and (ii) there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The party seeking a remand bears the burden of showing that these two requirements are met. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

The Court first notes that Plaintiff's objections are deficient to show "good cause." A party shows "'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.* at 357. Plaintiff only states that "the medical facility was contacted numerous times and indicated that no medical records were

found during the applicable period."[1]  Plaintiff has not demonstrated a reasonable justification for not attempting other means, or has alleged other means, to acquire her medical records, such as contacting her treating physician Dr. Mugawish or Dr. Jain (Dr. Jain took over Dr. Mugawish's medical practice), or eliciting medical testimony from Dr. Mugawish prior to the close of the proceedings before the ALJ.

Second, Plaintiff argues that the Magistrate Judge never addressed the medical clerk's failure to promptly locate the additional medical records.  Plaintiff's argument, however, is misplaced because under the "good cause" standard, the Magistrate Judge correctly focused on the actions of the party seeking to add the evidence, not on the medical clerk.  Plaintiff also fails to cite any legal authority that the medical clerk's failure is a "reasonable justification" that demonstrates "good cause."  *Id.* at 357.

Further, Plaintiff's objections fail to show that the evidence is "material."  Evidence is "material" if "there is a reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (internal quotation marks and citation omitted).  As noted in the Report and Recommendation, the Appeals Council denied review, stating the following:

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> The decision states that there were no medical reports after 2007 to support a finding that your impairments were of the same level of severity that you had at the onset of your condition (Dec, page 6).

---

[1] Ultimately, on February 9, 2010, medical records for the period from July, 2007, to November 4, 2009, were forwarded to the Appeals Council for review.  The medical record clerk indicated that her initial computer search of the records for the medical facility showed no records because Dr. Mugawish never used a computer.  A later manual search then revealed the records.

> While the additional progress notes show that you were seen in November of 2008 and that you continued to be seen for follow-up every three months, there is no showing that your impairments worsened. Findings on physical examinations were unremarkable and there was no evidence of the need for emergency room intervention.

As such, this Court finds Plaintiff's objections unpersuasive, because, in addition to failing to show "good cause", they do not show that the evidence is "material", *i.e.*, that the ALJ would have reached a different disposition of her claim if the "new" medical records had been before the ALJ.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 12] is DENIED, and Defendant's Motion for Summary Judgment [dkt 13] is GRANTED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: May 19, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 19, 2011.

    S/Marie E. Verlinde
    Case Manager
    (810) 984-3290